### AMERICAN BELL TEL. Co. v. CUSHMAN TEL. & SERVICE Co. et al.

(*Circuit Court, N. D. Illinois.* October 29, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.

A telephone patentee, who has put his device into extensive use, and is receiving an income therefrom, is entitled to an injunction against its infringement, though he has withdrawn it from a particular state because of legislative interference limiting the rate of charges.

In Equity. On motion for injunction *pendente lite.*

Bill by American Bell Telephone Company against Cushman Telephone & Service Company, for infringement of letters patent.

*West & Bond, Geo. L. Roberts,* and *Chauncey Smith,* for complainant.
*W. C. Goudy* and *C. A. Knight,* for defendants.

BLODGETT, J. This is a motion for an injunction *pendente lite* by reason of the alleged infringement of patent No. 174,465, granted to Alexander Graham Bell, March 7, 1876, and patent No. 186,787, granted to said Bell, January 30, 1877. The validity of the claims of these patents, of which infringement is charged, was sustained by the supreme court of the United States in what is known as the *Telephone Cases,* decided at the October term, 1887, and reported at length in 126 U. S. 1, 8 Sup. Ct. Rep. 778. Defendants admit that they use what is known as the "Cushman Telephone;" and the telephones made by that company were held by this court to infringe the complainant's patent, and the claims now in controversy, in the case of *American Bell Telephone Co. v. Cushman Telephone Co.,* decided in July last, (35 Fed. Rep. 734.) De-

fendants are engaged in furnishing telephone service and operating telephone exchanges in several cities in Indiana, and insist that an injunction should not be granted on this motion because, a few years since, the complainant's grantees or licensees established telephone exchanges and furnished telephonic accommodations in some, if not all, of those cities, but withdrew therefrom after the passage by the legislature of Indiana of an act limiting the rates of charges for the use of telephones and telephone service. I do not think the fact that the complainant's licensees or grantees have withdrawn their telephonic accomodations from these cities furnishes any excuse or defense for the infringement of these patents by these defendants. The law gives the owner of a patent the exclusive right to the use of the device covered by his patent; and the rule that because the patentee, or owner of a patent, cannot agree, with those who wish to use his device, as to the price to be paid for such use, authorizes another to pirate upon the patent with impunity, would be destructive of patent property.

Counsel for the defendants insist that the main question involved in this case is the validity of the Indiana statute regulating the charges for telephone service, but I do not consider that question involved in this motion. It was stated on the argument of this motion, and, I doubt not, truly, that this question is in the way to be presented at an early day to the supreme court of the United States, which is the proper tribunal to pass upon it. But it would be strange indeed if when A. is the undisputed or adjudged owner of a patent which B. wishes to use, but B. is not willing to pay the amount demanded by A. for such use, therefore C. can infringe the patent, and supply B. with infringing machines, and not be restrained from so doing when the validity of the patent and infringement are clear.

It was urged upon the argument that this court had decided in the former case of *Hoe* v. *Knap*, 27 Fed. Rep. 204, that a patentee who did not put his patent into use was not entitled to an injunction, and that decision was invoked on the argument of this application for an injunction. I, however, think that the case there made was another and widely different one from this. There the patentee had never made a machine, nor put his patent into use, nor allowed another person to put it into use. He had simply locked it up, so to speak, and kept the public from the benefit of it. Here the patentee has put his patent into extensive use, and is receiving a large income for such use at rates agreed upon between the owners of the patent and the user; so that this complaint does not stand as the complainant did in the case cited. An injunction will be granted according to the prayer of the bill.